**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOCKERY CLEVELAND, | ) | CASE NO.    4:15 CR 427 |
| | ) | |
| Petitioner-Defendant, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent-Plaintiff. | ) | |

This matter comes before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF #149). The Government filed a Response in Opposition to Petitioner's Motion. (ECF #154). Petitioner has filed a Response to the Government's Opposition to Petitioner's Motion. (ECF #157). Petitioner seeks to vacate his sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846 (Count 1); and attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846 (Counts 2, 3).

**Procedural History**

On September 7, 2017, Petitioner was sentenced to 360 months imprisonment on each count to run concurrently, to be followed by five years of supervised release. (ECF #113). Petitioner appealed the judgement and the 6th Circuit affirmed the District Court's decision on December 14, 2018. (ECF #135). Petitioner filed a petition for a writ of certiorari to the United States Supreme Court which was subsequently denied on April 17, 2019 (ECF #137). Petitioner then filed his initial motion to vacate under 28 U.S.C. § 2255, asserting all claims presently before this Court. (ECF # 138). This motion was struck because it exceeded page limitations (ECF #145).

Petitioner's renewed motion to vacate under 28 U.S.C. § 2255 asserts several grounds for relief including a challenge to the Constitutionality of his conviction and sentence; a claim for ineffective assistance of counsel; an alleged Sixth Amendment violation and structural error by denying him substitution of counsel; an alleged due process violation; a claim of actual innocence; claims related to his sentencing; and, claims of post-conviction relief according to the writs of *audita querela* and of *error coram nobis*.

**Legal Standard**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426–27 (1962). As such, a court may grant relief under § 2255 only if the petitioner has demonstrated "a

fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, along with the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that an evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stand fairly and finally convicted." *Id.* at 164. Thus, to prevail on a § 2255 motion, the Petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

## Analysis

I.    Constitutional Claim Against the Comprehensive Crime Control Act of 1984

Petitioner alleges that the Comprehensive Crime Control Act of 1984 is not good law according to Art. I Sec. 2 Cls. 3 of the Constitution and the language of the 98th Congress House Resolution 684. However, the Comprehensive Crime Control Act of 1984 was adopted according to constitutionally prescribed procedure, therefore, Petitioner's claim against its legality and applicability is properly denied.

Petitioner is correct that the bill was not passed in the House of Representatives in its original form as S. 1762 of the 98th Congress. Comprehensive Crime Control Act of 1984, S. 1762, 98th Cong. (1984). However, it was incorporated into H.J.Res. 648 of the 98th Congress,

passed the House, signed by the President, and became law as Public Law No.: 98-473, a joint

resolution making continuing appropriations for the fiscal year 1985, and for other purposes,

H.R. 648, 98th Cong. (1984).

Petitioner applies language from Title I of H.J.Res 648 which states:

> Unless otherwise provided for in this joint resolution or in the applicable
> appropriation Act, appropriations and funds made available and authority
> granted pursuant to this joint resolution shall be available from October 1,
> 1984, and shall remain available until (a) enactment into law of an
> appropriation for any project or activity provided for in this joint resolution, or
> (b) enactment of the applicable appropriation Act by both Houses without any
> provision for such project or activity, or (c) September 30,1985, whichever
> first occurs.

Pub. L. No. 98-473, § 102, 98 Stat. 1964 (1984). Petitioner's interpretation and use of this

language, however, is misapplied. The quoted language appears in Title I of the joint resolution

whereas the Comprehensive Crime Control Act of 1984—the act pertinent to Petitioner's

argument—is found in Title II. To apply provisions found in one title of the joint resolution to

another misunderstands the plain language as written.  Given Petitioner's misunderstanding of

the Comprehensive Crime Control Act of 1984's enactment and his subsequent misapplication

of the plain language as written, Petitioner's claim against its legality and applicability are

without merit and are properly denied.


II.    <u>Ineffective Assistance of Counsel</u>

Petitioner next raises a claim of ineffective assistance of counsel on multiple grounds: (1)

counsel's failure to argue against multiplicity in the indictment and on double jeopardy grounds;

(2) counsel's failure to file motions for a Bill of Particular and for a Frank's hearing; (3)

counsel's level of pre-trial investigations; and, (4) counsel's failure to request sequestration of a

Government witness. Further, Petitioner alleges ineffective assistance of counsel due to his

counsel's failure to object on various grounds including those of a drug quantity calculation, exhibit labeling, admission of an anonymous tip, and speedy trial issues. These claims are unsubstantiated.

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* An objective standard of reasonableness is used when assessing whether an attorney's performance was deficient. *Id.* at 687–88. Thus, a defendant must show that counsel's representation fell below this objective standard. *Id.*

Counsel's performance must be scrutinized in a "highly deferential" manner. *Id.* at 689. As such, counsel's conduct should be evaluated from the counsel's perspective at the time of representation. *Id.* A court must hold, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* Additionally, a court must hold a strong presumption that counsel, "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement." *Id.* at 690.

The Government correctly argues that Petitioner failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel, and relies instead upon speculation and conjecture.  In all of his claims, Petitioner fails to prove that his counsel's representation and actions fell below an objective standard of reasonableness. Although lengthy in its description of

Petitioner's frustration and subjective dissatisfaction with counsel, the Motion fails to provide any examples of legally ineffective representation.  Absent any showing of specific deficiencies by counsel that had a determinative impact on Petitioner's case, this Court must presume that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel's decisions were made in the exercise of reasonable professional judgment.

Petitioner's latter three claims of ineffective assistance of counsel are also meritless. The highly deferential view afforded Petitioner's counsel supports this Court's opinion that counsel's representation was reasonable. The 6th Circuit has held that deficient representation does not exist where counsel refuses or fails to file meritless motions. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321–22 (6th Cir. 2011). Here, Petitioner failed to establish any evidence that the motions Petitioner claims his counsel should have filed were meritorious, or that the failure to file them prejudiced Petitioner's case. Petitioner's counsel has no duty to file meritless or otherwise pointless motions, and is not ineffective for failing to do so, even at Petitioner's request. Counsel is responsible for using professional judgment to determine which filings may be part of a sound trial strategy. Petitioner has failed to overcome any presumption that counsel's performance was within an objective standard of reasonableness.

With regard to counsel's alleged failure to raise the issue of double jeopardy, or multiplicity in the indictment, Petitioner fails to demonstrate any valid argument counsel could have raised in pretrial motions or how the law and facts of this case would have supported any such argument. The 6th Circuit has held that perfunctory and undeveloped arguments that simply allege that counsel performed deficiently shall be dismissed. *United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004). Because Petitioner offers nothing to demonstrate counsel's ineffectiveness in this regard, Petitioner's claim is properly dismissed.

Petitioner further claims counsel was ineffective for allegedly failing to communicate with him about the defense theory, and for failing to inform him of a plea offer from the government. However, Petitioner fails to explain how counsel's failure to discuss defense theory fell below an objective standard of reasonableness. Rather, Petitioner offers only his frustrations about the regularity of counsel's availability to discuss the case. Further, the government did not offer a plea in this case. Petitioner's claim references a part of the trial transcripts which briefly discusses a plea but he misinterprets the transcript.  The referenced discussion was about Petitioner's (not guilty) plea generally, and did not reference any plea deal or offer of plea from the government.

Given the strong presumption afforded counsel, the lack of substantive evidence showing ineffectiveness, and the absence of alternative representation strategies proposed by Petitioner, it is clear that counsel's performance was neither deficient nor prejudicial to Petitioner.  Petitioner has not offered any evidence or argument that would support a finding that the trial was unconstitutional, unfair, or that the result was unreliable. Thus, all claims of ineffective assistance of counsel are properly denied.

III.   <u>Structural Error for Denying Petitioner's Motion for New Counsel</u>

Petitioner next claims that the Court committed a structural error, in violation of his Sixth Amendment right to counsel, when it denied his motion for new counsel. This claim is unsubstantiated.  The 6th Circuit has stated that a structural error is one that affects the framework within which the trial proceeds rather than being an error within the trial process itself. *United States v. Burton*, 802 F. App'x 896, 906 (6th Cir. 2020). It has differentiated between simple trial errors and structural errors, finding that trial errors may be found to be

harmless whereas structural errors are defects in the constitution of the trial mechanism. *Id.* Lastly, the Sixth Circuit noted that the Supreme Court has found structural errors only in limited circumstances, including total deprivation of the right to counsel, judicial bias, exclusion of grand jurors of the same race as defendant, denial of the right to self-representation at trial, denial of the right to a public trial, and erroneous reasonable-doubt instructions to jury. *Id.* Therefore, to establish a structural error, Petitioner must prove that one of the narrow, enumerated examples exists.

Petitioner claims that there was a structural error because the Court denied his motion for new counsel. However, Petitioner has no right to any specific appointed counsel. Petitioner was not deprived of his right to counsel. He had access to two different counselors, both of whom filed applicable and timely motions on Petitioner's behalf. As discussed above in relation to his ineffective assistance of counsel claims, Petitioner's expressed frustration and/or subjective dissatisfaction with his counsel does not equate to ineffective assistance of counsel and, therefore, does not create a structural error in the trial process. Because Petitioner failed to prove that one of the narrow, enumerated examples of structural error exists, his claim of structural error is properly denied.

IV.     Due Process Claims

Petitioner claims his due process rights were violated because the evidence presented at trial was not sufficient to sustain his convictions. More specifically, he claims that the Government did not meet its burden of proof on the element of knowledge. These claims are without merit.

With regard to the challenge of the sufficiency of evidence, Petitioner asserts that his convictions were improperly based solely on circumstantial evidence. However, direct evidence

is not required for a conviction and there is no intrinsic difference between direct and circumstantial evidence. *Holland v. United States*, 348 U.S. 121, 140 (1954); *United States v. Frost*, 914 F.2d 756, 762 (6th Cir. 1990). Circumstantial evidence is a proper basis upon which a jury may convict, and there was sufficient evidence to sustain the jury's verdict in this case.

Next, Petitioner argues that the Government has not met its burden of proof on the knowledge element of Petitioner's crime. Petitioner's argument relies on cases that are distinguishable from the facts of this case. For example, he cites a case where the knowledge element was lacking when the defendant had merely an association with conspirators or unknowingly drove vehicles carrying contraband. These facts are clearly distinguishable from the facts underlying Petitioner's conviction. Although there was evidence that Petitioner was present during the conspiracy, there were also phone calls between Petitioner and the truck driver who was delivering the vehicle filled with cocaine. Petitioner had fluorescent powder on his hands, indicating that he handled the sham cocaine used in the investigation. Scales, surgical masks, and a gun—items consistently possessed by drug dealers and used in drug operations—were also found in his possession. Thus, the evidence was sufficient to permit a jury to infer that Petitioner had knowledge that cocaine was being transported, and of the other workings of the conspiracy. There was sufficient evidence presented at trial to support Petitiooner's convictions, therefore, his due process claim must be denied.

V.    Claim of Actual Innocence

Petitioner asserts a generalized claim of actual innocence. However, actual innocence is not does not raise an error of jurisdictional or constitutional magnitude. Even accepting the alleged facts offered by Petitioner, including those not contained in the record, a claim for actual

innocence is not cognizable in a §2255 petition. Therefore, Petitioner's claim of actual innocence is properly denied.

VI.   Sentencing Claims

Claims seven through ten and thirteen through fourteen assert errors in the application of the Sentencing Guidelines, specifically, the use of the sentencing guidelines, the application of the career offender enhancement, and the designation of certain offenses in relation to sentencing guidelines. Non-constitutional claims of error in the application of Sentencing Guidelines cannot be raised in a motion to vacate under 28 U.S.C. § 2255, barring exceptional circumstances. *Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996). Here, Petitioner does not allege exceptional circumstances nor argument of jurisdictional or constitutional magnitude that would make his Sentencing Guidelines claims addressable through a §2255 petition.

Further, his claim that he no longer qualifies as a career offender is not valid. Petitioner cites two cases to support his stance that his prior crimes should no longer be deemed a controlled substance offense, and therefore would not trigger the career offender enhancement under U.S.S.G. § 4B1.1. In *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018), the D.C. Circuit determined that inchoate offenses were not included in the controlled substance crimes category of the Sentencing Guidelines. The Sixth Circuit case of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), made a similar finding. However, Petitioner's case was decided before both of these cases. Neither the United States Supreme Court nor the 6th Circuit in *Havis* have decided that these decisions should be applied retroactively to issues on collateral review.

Further, *Havis* addresses the scope of the predicate offenses under §4B1.2(b)(2), not the offense of the instant conviction. None of the predicate offenses that went in to the

determination of Petitioner's career offender status are incohate offenses.  According to the

current Sentencing Guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (U.S. SENTENCING COMM'N 2016).

Petitioner was at least eighteen years old at the time he committed the instant offenses, the

instant offenses are felonies of controlled substance offenses, and the Petitioner has at least two

prior felony convictions of crimes of violence. (ECF #108: Pre-sentence Investigation Report,

Page ID: 663). The predicate crimes of violence are 2nd Degree Murder, Battery by a Prisoner in

Lawful Custody, and Assault with a Deadly Weapon. *Id.*   None of these are incohate offenses.

Rather, they were crimes of violence in which Petitioner actually acted out against another

individual and caused actual bodily harm.    Any two of the three would still qualify him as a

career offender if he was sentenced today.   Therefore, his protestations against the career

offender designation are unfounded.

VII.    Writ of Audita Querela and Writ of Error Coram Nobis

Lastly, Petitioner asserts claims of postconviction relief according to the writ of *audita*

*querela* and the writ of *error coram nobis*. These claims are not properly raised. Courts are

granted the authority "to recognize common law postconviction remedies pursuant to the All

Writs Act, 28 U.S.C. § 1651." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (per

curiam) (internal quotations omitted). The Supreme Court has provided that federal prisoners

may collaterally attack their convictions and that 28 U.S.C. § 2255 does not cover the entire field

of post-conviction relief. *United States v. Morgan*, 346 U.S. 502, 511 (1954). As such, the writs can be used to the extent that they fill gaps in post-conviction relief. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001); *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990).

However, the writ of *audita querela* is not available to challenge a conviction where other remedies exist or contentions may be raised in a motion pursuant to § 2255. *Valdez-Pacheco*, 237 F.3d at 1079; *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992). Therefore, to the extent that Petitioner was able to address his claims, whether or not successfully, in his §2255 petition, they will not be addressed under this writ.  Similarly, "a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of *coram nobis*." *Torres*, 282 F.3d at 1245; *see also United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) ("[T]he writ of coram nobis is available only 'when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief.'"). Here, Petitioner remains in custody and, therefore, properly raised his concerns through his §2255 motion to vacate.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #41) is DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Donald C. Nugent
Senior United States District Judge

_August 6, 2021_
Date