UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:15 CR 427 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| DOCKERY CLEVELAND, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's second motion for compassionate release, captioned: Expedited Motion for for Compassionate Release/Reduction of Sentence Under the First Step Act, Pursuant to 18 U.S.C. §3582(c)(1)(A). (ECF # 186). Mr. Cleveland previously filed a motion for Compassionate Release, which was supplemented by his attorney and subsequently denied. (ECF #164, 167, 170). The Government concedes that Mr. Cleveland has satisfied the requirement for exhaustion of administrative remedies, as it is currently interpreted by the Sixth Circuit Court of Appeals. (ECF #190, PageId 1935, fn. 3).

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a)," must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Mr. Cleveland seeks compassionate release because his father, who was previously caring for Mr. Cleveland's minor child, passed away. The minor child's biological mother is also deceased. The child, who is 16 years old, has purportedly submitted a letter attesting to Mr. Cleveland's positive influence as a father, and confirming that since his grandfather's death he has been homeless and without a caretaker. Defendant also cites his rehabilitative efforts and his belief that he received an excessive sentence. Neither of these justifications rises to the level of extraordinary and compelling reasons to reduce Mr. Cleveland's sentence.

When a when a minor child has lost their caregiver through death, a determination of extraordinary and compelling circumstances is consistent with the Sentencing Commission's policy statement, set forth in §1B1.13(b)(3)(A). This satisfies the third condition for relief under 18 U.S.C. §3553(a). However, the Court is still required to make its own determination as to whether extraordinary and compelling reasons warrant a sentence reduction;[2] and determine whether defendant remains a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g). A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Mr. Cleveland also points to his rehabilitative efforts as grounds for relief. Although Mr. Cleveland is to be congratulated for the efforts he has made toward rehabilitation, these efforts fail to establish an extraordinary and compelling reason for a sentence reduction, even when considered in tandem with his family situation and the length of his sentence. Both the U.S.S.G. Policy Statement and the authorizing statute specifically preclude a court from relying solely on a

---

[2]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

Defendant's rehabilitative efforts when determining whether extraordinary and compelling reasons for relief exist. Section (d) of U.S.S.G. §1B1.13 provides that

> [p]ursuant to 28 U.S.C. §994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

During this most recent incarceration Mr. Cleveland has shown that he is making serious efforts toward rehabilitation and has demonstrated an intent to improve himself and become a better example to his son. This dedication to self-improvement is laudable and will gain him advantages both in his conditions and length of incarceration, and in his relationship with his family. Rehabilitation and remorse are not, however, sufficient grounds for a reduction in sentence. *See United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020); 28 U.S.C. §994(t).

The totality of Mr. Cleveland's circumstances do not rise to the level of extraordinary and compelling reasons that justify relief. In addition, even if the Court were to find extraordinary and compelling reasons to consider relief, it must also balance all of the §3553 sentencing factors, including but not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. A fair balancing of the 18 U.S.C. §3553(a) factors, leads to the conclusion that under this unique set of circumstances, a reduction in sentence would not be appropriate.

The Court weighed the §3553(a) factors at his sentencing, carefully considering the nature of his crime and his extensive history of violent behavior. Nothing has changed since his conviction and sentencing that would alter the balance of those factors. Mr. Cleveland was found guilty, by a jury, of conspiracy to possess with intent to distribute cocaine (Count One), and

attempted conspiracy to possess with intent to distribute cocaine (Counts Two and Three).[3] Distribution of cocaine is not a victimless crime. Rather, it is a serious crime that can and has had a huge impact on the communities affected. He was subject to a statutory mandatory minimum sentence and has served only about one third of that mandatory sentence.

Mr. Cleveland has a long criminal history, including a history of very violent behavior, which qualified him as a career criminal for purposes of sentencing. His prior history of violent crimes includes a murder conviction when he was 18 and continued through his late thirties. He was forty-seven at the time he convicted in this case and had already served more than fifteen years in jail for prior offenses. (ECF #108). The length of his criminal history, his age at the time of this crime, and the length between convictions all indicate that he remains a very high risk for recidivism.

Further, reducing his sentence at this juncture would create an unjustified disparity between him and other defendants with similar charges and criminal history; would fail to recognize the severity of the offense; and would fail to take into full account the goals of punishment and deterrence. He argues that his sentence was grossly disproportionate to the sentences received by his co-defendants, however, his co-defendants were not similarly situated to Mr. Cleveland at the time of sentencing. Neither co-defendant had as significant and lengthy a criminal history as did Mr. Cleveland. The factors at play in Mr. Cleveland's case do not support a sentence reduction in this case.

Many of the same reasons that weigh against him the evaluation of §3553 factors also weight in favor of a finding that Mr. Cleveland still constitutes a danger to the community. In determining whether a defendant remains a danger to the community, the Court looks at four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence

---

[3] Counts two and three were merged following a successful appeal.

against him; (3) history and characteristics of the defendant; and, (4) the nature and seriousness of the danger to any person or the community if he were released. 18 U.S.C. §3142(g). These factors combine to show that Mr. Cleveland remains a danger to the community.

The distribution of drugs cause great harm to individuals and communities, especially when firearms are possessed in furtherance of the drug related crimes. The offenses and circumstances under which Mr. Cleveland was convicted triggered a mandatory minimum thirty year sentence. This is evidence that Congress has determined that the offense and circumstances at issue in this case are extremely serious and require a lengthy, non-discretionary sentence in order to protect the community. Mr. Cleveland was convicted by a jury following the presentation of significant evidence of guilt. He also has a violent background including other offenses such as murder and assault. Although he has had a clean disciplinary record for almost ten years, he has not proven that his recent efforts are a more reliable demonstration of his character than all of the years he spent engaging in criminal behavior. These factors weight strongly in favor of a finding that Mr. Cleveland remains a danger to the community if he were to be released early.

For the reasons set forth above, having considered the record, Mr. Cleveland's arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Expedited Motion for Compassionate Release/Reduction of Sentence Under the First Step Act, Pursuant to 18 U.S.C. §3582(c)(1)(A) should be DENIED. (ECF# 186). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATE: March 13, 2025